UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE,<br>    *Plaintiff*,<br><br>    *vs*.<br><br>JON MARVEL, in his official capacity as Vigo County Sheriff, et al.,<br>    *Defendants*. | 1:10-cv-1316-JMS-DML |

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY

Presently before the Court is Plaintiff's Second Motion to Prosecute Under Pseudonym, requesting that the Court allow her to pursue this action anonymously due to the nature of her allegations. [Dkt. 12.] Plaintiff alleges that she was physically and sexually assaulted by four other inmates while she was incarcerated at the Vigo County Jail in February 2010. [Dkt. 1.] As a result of the attack, she sued Jon Marvel, in his official capacity as Vigo County Sheriff, and various staff members of the jail in their individual capacities. Defendants oppose Plaintiff's request to proceed anonymously, primarily because "she made a deliberate choice to publicize her allegations" by engaging in an interview with a local news station after filing her lawsuit. [Dkt. 13 at 3.] Alternatively, Defendants argue that if the Court grants Plaintiff's request, they should also be allowed to proceed anonymously.

### APPLICABLE STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all of the parties to the suit. That rule "instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the plaintiff exceeds the like-

ly harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Fictitious names are allowed to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Blue Cross & Blue Shield United*, 112 F.3d at 872.

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *City of Chicago*, 360 F.3d at 669-70. In making that determination, this Court, as other courts have done, will use a six-factor test to balance a plaintiff's interest in anonymity against the public's interest in disclosure:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Mbrs. of the Ind. State Bd. of Law Examiners*, 2010 U.S. Dist. LEXIS 1001, *4-*5 (S.D. Ind. Jan. 4, 2010); *Does v. City of Indianapolis*, 2006 U.S. Dist. LEXIS 54877, *4-*5 (S.D. Ind. Aug. 7, 2006). Ultimately, the use of fictitious names "is left within the discretion of the district court." *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

## DISCUSSION

### I. Applying the Six-Factor Test

With regard to the first factor, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *City of Indianapolis*, 2006 U.S. Dist LEXIS 54877 at *5 (citing *Roe v. Wade*, 410 U.S. 113 (1973), as example). Plaintiff claims that this factor weighs in her favor because she has sued Sheriff Marvel in his official capacity, challenging "governmental and in-

dividual acts and omissions." [Dkt. 12 at 3.] The Court disagrees. While Plaintiff has sued Sheriff Marvel in his official capacity, she has sued the remaining defendants in their individual capacities. Moreover, it does not appear that Plaintiff is challenging an overarching policy or statute regarding prison conditions. *C.f. Doe v. Individual Members of the Indiana State Bd. of Law Exam'rs*, 2009 U.S. Dist. LEXIS 69609 *3-4 (S.D. Ind. 2009) (weighing first factor in favor of anonymity because plaintiff challenged defendants' policy of questioning bar applicants with a history of mental health problems and sued members of state board of law examiners in their official capacities). Consequently, the first factor does not favor Plaintiff's anonymity.

The second factor considers whether the action requires Plaintiff to disclose information of the utmost intimacy. Undoubtedly, Plaintiff's allegations that she was raped and assaulted by fellow inmates would require her to disclose matters of the utmost intimacy, especially considering she alleges that the inmates sexually assaulted her with a broomstick.[1] [Dkt. 1 at 4.] Rape victims are one of the few exceptions to the Seventh Circuit's well-established rule that litigants will proceed under their real names. *See Blue Cross & Blue Shield United*, 112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). For these reasons, the second factor strongly favors Plaintiff's anonymity.

Because this action does not involve Plaintiff's admission or intention to engage in illegal conduct risking criminal prosecution, the third factor is inapplicable.

---

[1] Defendants ask the Court to "remember that plaintiff's allegation of a sexual assault on February 10 has not been proven." [Dkt. 13 at 4; *see also* dkt. 13 at 1 (emphasizing that Plaintiff's motion is based in her "*allegation* that she was subjected to sexual assault") (original emphasis).] A plaintiff's request to proceed anonymously is necessarily a preliminary determination, requiring the Court to make the decision based on the plaintiff's allegations. Nothing in this ruling should be read to suggest that the Court is making factual determinations about the merits of Plaintiff's claim.

As for the fourth factor, Plaintiff fears that she will be subjected to "embarrassment or ridicule" if her identity is disclosed because she lives in a small community and has sued high-ranking officials. [Dkt. 12 at 3.] Plaintiff also fears that the case may have a negative impact on her reputation and employment, that her children could be subject to bullying, and that she will be subjected to harassment, intimidation, or other forms of retaliation. [*Id.*] Because Plaintiff has asserted legitimate circumstances under which she could suffer mental injury due to the personal and sensitive nature of her allegations, the Court finds that the fourth factor favors anonymity.

Turning to the fifth factor regarding potential prejudice to the Defendants, the Defendants in this case already know Plaintiff's identity. [Dkt. 12 at 3.] The only prejudice that Defendants claim they will suffer is the alleged public stigma and embarrassment accompanying "allegations made by someone who is protected by the cloak of anonymity." [Dkt. 13 at 5.] Defendants have neither offered evidence to support that alleged prejudice nor cited any case law recognizing their concerns. Therefore, the Court finds that the fifth factor also favors anonymity.

Finally, the sixth factor recognizes the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an "exception" for "rape victims." *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669. In other words, the Seventh Circuit has weighed the public's right to access against a plaintiff's desire to adjudicate rape allegations anonymously and concluded that the scales favor anonymity. The sixth factor, thus, also favors anonymity.

**II. Plaintiff's Publicity**

Defendants' main objection has nothing to do with the six-factor test. Instead, they primarily oppose Plaintiff's motion because the day after filing the lawsuit, "[Plaintiff] and her at-

torney participated in, and presumably initiated, media reports of her allegations, including the broadcast of a surveillance video that purports to show plaintiff being battered by other inmates." [Dkt. 13 at 2.] Defendants argue that this is "remarkable behavior from a party who claims a pressing need to privacy." [*Id.* at 3.] Defendants admit, however, that the news coverage withheld Plaintiff's name and she was interviewed "in shadow" to maintain her anonymity. [*Id.*] Plaintiff does not respond to Defendants' characterization of the media coverage.

The Court agrees that it would be impermissibly inconsistent for the Plaintiff to proceed anonymously here if she continued to publicize her case to the media. That increased publicity might also give support to Defendants' argument that they would be subject to prejudice. However, the evidence of record shows that Plaintiff only engaged in one interview and took reasonable precautions to conceal her identity. Thus, she had not yet crossed the line. Continued media interviews may, however, cause the Court to reconsider its decision to permit Plaintiff to proceed anonymously.[2]

## CONCLUSION

The Court **GRANTS** Plaintiff's Second Motion to Prosecute Under Pseudonym. [Dkt. 12.] The Court is not, however, on the basis of the current record, authorizing blanket filings under seal, nor closing courtroom proceedings to the public. Instead, Plaintiff can continue to proceed as "Jane Doe," and all public filings should refer to her under this fictitious name.

---

[2] Defendants briefly argue that if the Court allows Plaintiff to proceed anonymously, they should also be allowed to proceed anonymously. [Dkt. 13 at 6.] Defendants do not cite case law supporting their position and do not make their request in an independent motion, as the local rules require. *See* Local Rule 7.1 ("A new motion must not be incorporated within a brief, response, or reply to a previously filed motion . . . ."). Therefore, the Court will not consider their request further at this time.

12/08/2010

                                                              _____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas W. Blessing
FRAZIER & ASSOCIATES
tom@frazierlaw.net

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierlaw.net

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com